[Civ. No. 17903.   Second Dist., Div. Three.   May 4, 1951.]

FRED IRA, Appellant, v. LOUISE ANN IRA, Respondent.

Sylvan Y. Allen for Appellant.

Howard D. McClain and Donald A. Rosen for Respondent.

SHINN, P. J.—Plaintiff and cross-defendant, Fred Ira, appeals from a judgment quieting title in defendant and cross-complainant, Louise Ann Ira, also known as Louise Ann Domecq.   The appeal is on the judgment roll.

The pleadings establish the following facts: In August, 1947, defendant obtained an interlocutory decree of divorce from the present plaintiff. The final decree was duly entered. At the time of the interlocutory decree, the parties entered into a property settlement agreement which provided that the ''Husband does hereby sell, assign, transfer and convey to wife as her separate property all of his right, title and interest in and to the property located at Huntington Park, California, and commonly known as 7105 and 7105½ Rugby Street, and legally described as follows [description]. Husband further agrees to execute and deliver to wife concurrently herewith his deed.

''II

''Wife agrees to pay to husband in consideration of the transfer of said property, the sum of Four-thousand dollars ($4000.00) payable Thirty-five dollars ($35.00) per month commencing on June 1, 1947, and further agrees that in the event said property is sold, any balance of the $4000.00 then unpaid shall become immediately due and payable out of the money received for said property and will be paid out of escrow at that time.''

In December, 1948, plaintiff husband brought this action to obtain partition of the real property which comprised the subject matter of the property settlement agreement, alleging ownership by the parties as joint tenants. Defendant answered and cross-complained, setting forth a copy of the settlement agreement and asked that her title to the real property be quieted. The trial court concluded that the cross-complainant was the owner in fee of the real property involved and entered judgment quieting her title thereto.

Plaintiff contends that the property settlement agreement was not a conveyance because it was contemplated therein that he would, in the future, execute a deed; that the judgment should have set forth all the terms of the agreement alleged by him to exist against said property, and protected his right to occupy a portion of the premises; and should have provided that either party could bring an action in the future to determine the extent of his or her right.

■ We find no merit in plaintiff's first contention. The property settlement agreement clearly contemplated a present sale and conveyance of the real property. (*Carman* v. *Athearn*, 77 Cal.App.2d 585, 596 [175 P.2d 926]; *Olson* v. *Cornwell*, 134 Cal.App. 419, 427 [25 P.2d 879].) The agreement contained all the elements necessary to effect a conveyance of

the real property and also provided (paragraph V) that ". . . It is further here asserted that the property conveyed to wife as her separate property has been so conveyed to her with the understanding that she will provide for and maintain said daughter."

In appellant's brief it is asserted that the following is a verbatim copy of a provision of the agreement: "D. Wife agrees that in consideration of the husband transferring to her the above described property as her sole and separate property, that husband may reside in and have possession of the rear house located on said property and known as 7105½ Rugby Street, until such time as the property be sold. (Contained in paragraph II of the Property Settlement Agreement.)" There is no such provision, nor any which remotely resembles it, in the agreement attached to defendant's answer, which the court found to be the agreement of the parties. Although respondent pointed out in her brief that appellant's assertion is a clear misstatement of the record, appellant did not file a reply brief, nor has he offered any justification for his statement as to the contents of the agreement. In the absence of the evidence the finding with respect to the agreement is conclusive. Plaintiff did not establish a right to occupy any portion of the premises.

In the answer of defendant it was alleged that she had paid plaintiff $2,100, which was more than had fallen due under the agreement as installments of the purchase price of plaintiff's interest, and that she had fully complied with the agreement upon her part. We cannot assume that plaintiff waived any of his rights under the agreement; there was no such issue. Upon the record which is before us plaintiff is entitled to a vendor's lien for the unpaid balance. (Civ. Code, § 3046; 25 Cal.Jur., p. 739, § 208 et seq.)

The judgment is reversed and the trial court is directed to take evidence, if necessary, and to render judgment quieting cross-complainant's title, subject to a lien in plaintiff's favor for the balance which is found to be unpaid under the agreement set out in the present record, and in accordance with its terms; no costs on appeal. The attempted appeal from the order denying motion for new trial is dismissed.

Wood (Parker), J., and Vallée, J., concurred.